UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINA RAZAVI,<br><br>        Plaintiff,<br><br>    v.<br><br>VERNON MILES LEW, D.D.S,<br><br>        Defendant. | Case No. 16-cv-04969 NC<br><br>**REPORT AND RECOMMENDATION TO GRANT APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO DISMISS COMPLAINT UNDER 28 U.S.C. § 1915**<br><br>Re: Dkt. Nos. 1, 2 |

      Pro se plaintiff Melina Razavi filed a civil complaint and motion for leave to proceed in forma pauperis on August 29, 2016. Dkt. Nos. 1, 2. This order is the Court's initial screening review for civil actions filed in forma pauperis. For the reasons stated below, I recommend that the District Court Judge (1) GRANT Razavi's application to proceed in forma pauperis, and (2) DISMISS her complaint because it does not establish federal subject matter jurisdiction.

       In her complaint, Razavi states that she was injured by dentist Vernon Miles Lew on August 29, 2012. Specifically, Razavi states that Lew "used excessive force, intentionally gave numerous forceful injections, did extremely poor work, used substandard material, and intentionally injured and damaged [her] tooth and surrounding tissues." Dkt. No. 1. Further, Razavi states Lew breached his contract, breached professional conduct rules, "violated ADA rules," and "made me suffer negligence and

Case No.16-cv-04969 NC

malpractice." *Id.* She states that she lost her tooth as a result of Lew's conduct and asserts "thousands of dollars of monetary and non-monetary damages." *Id.*

## I. IN FORMA PAUPERIS APPLICATION

Under 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, Razavi submitted the required documentation and it is evident from the application that the listed assets and income are insufficient to enable her to pay the filing fees. Dkt. No. 2. Accordingly, I recommend that the District Court Judge GRANT Razavi's application to proceed in forma pauperis.

## II. SCREENING UNDER 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

The Court first considers whether it possesses jurisdiction over this dispute. The federal courts are courts of "limited jurisdiction" and only have jurisdiction as authorized by the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The party seeking to invoke federal court jurisdiction (here, plaintiff Razavi) has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). The Court must presume a lack of jurisdiction until the plaintiff establishes otherwise. *Id.*

Potential sources of subject matter jurisdiction in this case are: (1) federal question jurisdiction, and (2) diversity jurisdiction. I consider each jurisdictional source in turn.

"Federal question" jurisdiction is assessed under 28 U.S.C. § 1331. The federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a

Case No. 16-cv-04969 NC                 2

"well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

Here, liberally construing Razavi's complaint, she does not present a federal question sufficient to establish subject matter jurisdiction. The complaint vaguely states that Lew "violated ADA rules" but does not specify what conduct violated what rule. The Americans with Disabilities Act of 1990 (ADA, 42 U.S.C. § 12101 et seq.) is a federal law, but Razavi's complaint does not plausibly allege how Lew could be liable under the ADA for her tooth and tissue injuries. For example, to prevail on a Title III discrimination claim under the ADA, Razavi would need to establish that (1) she is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by the defendant because of her disability. *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. § 12182 (ADA prohibition of discrimination by public accommodations). As drafted, Razavi's complaint does not establish an ADA claim.

"Diversity jurisdiction" is assessed under 28 U.S.C. § 1332. The court considers the citizenship of each party to the lawsuit, and there must be "total diversity" of citizenship between each plaintiff and each defendant and the amount in controversy must exceed $75,000.

Here, the complaint does not allege the citizenship of any party, or an amount in controversy, so diversity jurisdiction is not satisfied. The address for defendant Lew on a letter attached to the complaint is a California address. If plaintiff and Lew are both California citizens, then there is no diversity of citizenship.

In conclusion, I find that Razavi's complaint does not satisfy federal subject matter jurisdiction. It establishes neither a federal question nor diversity of citizenship. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

Case No. 16-cv-04969 NC    3

Therefore, I recommend dismissing the suit for lack of jurisdiction.

Even if Razavi were able to establish federal jurisdiction, her complaint would also need to be amended to comply with the pleading rules of Federal Rule of Civil Procedure 8. Rule 8 requires the complaint to contain a short and plain statement of the claim showing the pleader is entitled to relief. Liberally construed, Razavi's complaint appears to state a claim for negligence and breach of contract under California law against Lew. Much less clear is the basis of her claim under the ADA.

### III.  CONCLUSION

This case will be reassigned to a District Court Judge because not all parties have consented to proceed before a magistrate judge. Dkt. No. 7. I RECOMMEND that the District Court Judge (1) GRANT the motion for leave to proceed in forma pauperis; and (2) DISMISS the case for lack of federal subject matter jurisdiction.

Any party may object to this recommendation, but must do so within fourteen days of being served. Fed. R. Civ. P. 72(b). A failure to file a timely objection will waive any opposition to the recommendation.

Finally, the Court informs Razavi that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480.

**IT IS SO ORDERED.**

Dated: October 6, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-04969 NC                 4